## PAUL REED v. THE STATE.

*No. 7214.　Decided April 22.*

1. **Charge of the Court.**—The charge of the court should relate only to the specific offense charged in the indictment or information, and should it embrace other matters the error, if excepted to, will require a reversal of the conviction.

2. **Same.**—A charge of the court which requires the jury to believe from the evidence that the defendant was not guilty of the offense charged against him, before they should acquit him, is erroneous.

3. **Malicious Prosecution—Charge of the Court.**—In a prosecution under article 273 of the Penal Code, the court in its charge to the jury should define the term "malice," and should instruct in regard to the want of probable cause.

4. **Same—Evidence.**—In such a prosecution, a verdict of acquittal rendered in the case which is alleged to have been the malicious prosecution is not competent evidence in behalf of the State against the defendant.

5.  **Failure of Defendant to Testify—Argument of Counsel.**—The defendant did not testify in his own behalf.   In his closing argument to the jury counsel for the State alluded to the fact that defendant had failed to testify.   *Held*, that this constituted reversible error, having been excepted to at the proper time.

APPEAL from the County Court of Fisher.    Tried below before Hon. John W. Deming, County Judge.

This is a conviction under article 273 of the Penal Code, the punishment assessed being a fine of $100.   The information alleges that defendant did "unlawfully, for the purpose and with the intent to vex, harass, and injure one J. M. Hackett, willfully institute and cause to be instituted against the said J. M. Hackett, in Justice's Court of Precinct No. 1 of Fisher County, Texas, a criminal prosecution, as follows, to wit, The State of Texas v. J. M. Hackett, No. 37, charging the said J. M. Hackett,. by complaint made before J. N. Weakley, justice of the peace of Precinct No. 1 of said Fisher County, which complaint was filed by J. N. Weakley, justice of the peace in and for said Precinct No. 1, Fisher County, Texas, on the 26th day of April, 1890, with using in the town of Roby, on the public square thereof, loud and vociferous language, calculated to disturb the inhabitants thereof," etc.

Upon the trial the judge gave in charge to the jury article 273 of the Penal Code, to which defendant excepted upon the ground that a portion of said article was not applicable to the offense as charged in the information.

The third paragraph of the charge, referred to in the opinion, is as follows:   "If, on the other hand, you believe from the evidence introduced that this defendant was not guilty of malicious prosecution as charged, you will return a verdict of not guilty."

The requested instructions as to malice and probable cause, which this court holds should have been given, are as follows:   "Legal malice is defined to be any unlawful act done willfully and purposely to the injury of another; that is, the intentional doing of a wrongful act toward another without justification or excuse; and such an act against such person is malicious.   This wrong motive, when it is shown to exist, coupled with a wrongful act willfully done to the injury of another, constitutes legal malice.

"By probable cause is meant the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted.

"In a case of malicious prosecution the jury is required to find as follows, in order to convict the defendant:   1. The jury must find that the charge alleged (if any) to have been made by defendant was false. 2. The jury must find that the charge alleged (if any) to have been

made was made maliciously, as hereinbefore defined. 3. The jury must find that the charge alleged to have been made (if any) was made without probable cause, as hereinbefore set forth.

"Though the jury may believe that the charge contained in the complaint was false (if any such charge was in fact made), yet if such charge (if any) was made without malice, as hereinbefore defined, they will acquit the defendant.

"Though the jury may believe said charge (if any) to have been both false and malicious, as is hereinbefore defined, yet if they believe said charge to have been made by defendant upon reasonable grounds to believe the same true, they will acquit the defendant."

The refusal of the court to give the foregoing requested instructions was excepted to by the defendant, and a proper bill of exception reserved.

*Crane & Kiefer* and *Thurmond & Yantes*, for appellant.— 1. The court should limit its charge to the specific offense alleged. Tooney v. The State, 5 Texas Ct. App., 192; Ferguson v. The State, 4 Texas Ct. App., 155; Kouns v. The State, 3 Texas Ct. App., 13; Anderson v. The State, 16 Texas Ct. App., 132.

2. The court erred in giving the third paragraph of the charge, because it shifts the burden of proof from the State to the defendant. Jones v. The State, 13 Texas Ct. App., 1; Dubose v. The State, 10 Texas Ct. App., 30; Robertson v. The State, 9 Texas Ct. App., 209; Smith v. The State, Id., 150; Blocker v. The State, Id., 279; Wallace v. The State, Id., 299.

3. The court erred in refusing defendant's requested instructions relating to malice. Caruthers v. The State, 13 Texas Ct. App., 339; Dempsey v. The State, 27 Texas Ct. App., 269.

4. The court erred in refusing defendant's requested instructions relating to probable cause. Dempsey v. The State, 27 Texas Ct. App., 269.

5. The court erred in allowing the attorney for the State, in his argument to the jury, to allude to the fact that the defendant had not testified in his own behalf on the trial. Gen. Laws 21st Leg., p. 37; Hunt v. The State, 28 Texas Ct. App., 149.

6. The court erred in admitting in evidence, over defendant's objection, the verdict of acquittal in the case of The State v. J. M. Hackett. Dempsey v. The State, 27 Texas Ct. App., 269.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error in the conviction, because of the allusion in argument by counsel for the State to the fact of defendant's failure to testify in his own behalf, citing Hunt v. The State, 28 Texas Ct. App., 149.

HURT, JUDGE.—This is a conviction for malicious prosecution. It is objected that the court charged the jury, article 273 of the Penal Code, over objections of defendant. This prosecution was had under article 273, it is true; but the information does not allege that the prosecution was for the purpose of extorting money from another, or for the purpose of securing the payment or security for a debt due the accused by the person prosecuted. The information charges that the prosecution was instituted "for the purpose and with the intent to vex, harass, and injure one J. M. Hackett." It was error to give in charge to the jury any part of said article not embraced in the information; and as appellant excepted at the time and reserved his bill, the judgment for this error must be reversed.

Appellant did not testify. Counsel for the State, in his closing argument, said to the jury: "Gentlemen of the jury, Paul Reed swore in the complaint he made against J. M. Hackett that Hackett used loud and vociferous language in the town of Roby, but did he get on the stand and swear it?" To this appellant objects. That counsel for the State did use such language appears by bill of exceptions. This is error requiring that the judgment be reversed. This error is confessed by the Assistant Attorney-General. Gen. Laws 21st Leg., p. 37; Hunt v. The State, 28 Texas Ct. App., 149.

The third paragraph of the charge is subject to the objection urged by counsel for the appellant. It requires the jury to believe from the evidence that appellant was not guilty of malicious prosecution in order to an acquittal. This charge was excepted to at the time. It is true that, when taken as a whole, the jury might not have been misled, but they may have been; and hence, as the charge was excepted to at the time, the judgment for this error must be reversed.

Over objections, the State introduced in evidence the verdict of acquittal in the case against Hackett. This was error. Dempsey v. The State, 27 Texas Ct. App., 269.

The court should have defined malice; should have instructed in regard to the want of probable cause, as was requested by counsel for the defense. Dempsey v. The State, *supra.*

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.